DOYLE, Presiding Judge.
This is an interlocutory appeal from the trial court’s denial of a defense motion for partial summary judgment on the issue of whether the plaintiff in a personal injury action arising from a motor vehicle collision may recover damages for emotional distress under Georgia’s “pecuniary loss” rule. Because there exist genuine issues of material fact and the trial court did not err as a matter of law, we affirm.
Summary judgment is appropriate only if the pleadings and evidence “show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.”[1] On appeal from the denial of summary judgment, our review is de novo, and we construe the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party.[2] “Moreover, we will affirm a trial court’s denial of a motion for summary judgment if it is right for any reason.”[3]
So construed, the evidence shows that John McDade was riding as a passenger in his own truck, which was being driven by his close friend Matthew Wood on I-16 in Dublin, Georgia. McDade, Wood, and others were returning home late at night from a dirt car race in which Wood had competed, and Wood was towing his race car on a trailer behind McDade’s truck. Just after driving the truck down the on-ramp onto the interstate, Wood noticed that something on the trailer was not secured, and he pulled over to the shoulder. Wood then exited the truck and walked back toward the trailer.
A tractor-trailer owned by Crider Transportation and operated by Jerome Oliver swerved onto the shoulder and struck Wood’s trailer and McDade’s truck. Wood was crushed between the trailer and the truck and killed instantly. The impact threw McDade against the interior of his truck, shattered the glass in the rear of the truck’s cab, and propelled blood and tissue from Wood’s body onto McDade. McDade then got out of his truck, discovered Wood’s mangled body lying partially in the road, and protected it from further damage by passing vehicles until emergency personnel arrived.
Due to the collision, McDade has suffered neck, back and knee injuries, as well as headaches, insomnia, flashbacks, anxiety, depression and suicidal thoughts. He sought psychiatric help, was diag *369 nosed as suffering from major depression as a result of the collision, and was prescribed various medications.
Based on the collision, McDade brought a negligence claim against Oliver, Crider, and Crider’s liability insurance carrier. The defendants sought partial summary judgment on any of McDade’s claims based on emotional distress arising from having witnessed the injuries to Wood. The trial court initially granted the defendants’ motion, ruling that Georgia’s impact rule bars bystanders from recovering damages for emotional distress resulting from witnessing another person’s injuries, but later the trial court granted a motion for reconsideration, finding that McDade could pursue a claim for emotional distress under the pecuniary loss rule. This Court granted the defendants’ application for interlocutory review, and this appeal followed.
1. It is undisputed that this case involves a collision resulting in physical injury to the plaintiff. Despite the defendants’ characterization of McDade’s claims as including emotional distress solely resulting from viewing his dead friend, McDade’s complaint simply asserts a straightforward negligence claim and alleges that “all of his injuries, damages and suffering were the direct result of and proximately caused by the negligence of the Defendants.” The complaint does not seek to separately recover for the emotional distress McDade experienced from witnessing his friend’s suffering and death, nor does it parse out certain portions of damages that specifically arise therefrom. Further, McDade’s deposition testimony does not establish that a discrete portion of his emotional distress was due to the traumatic experience of viewing his friend’s remains. Rather, when asked whether his emotional problems were a result of “what you saw that night or . . . your own injuries,” McDade replied, “I guess you’d say both.” When pressed for clarification, McDade explained, “I don’t know how to answer that. ... It was being hurt, and then •— being hurt, not being at work. I stopped getting paid in February. I haven’t had income since. . . .” Thus, neither the complaint nor McDade’s deposition testimony sets out any facts showing that a portion of his emotional distress arises solely from witnessing the injuries to his friend or could be apportioned to his nonphysical injuries as opposed to his physical injuries. At the very least there is a question of fact on this issue; therefore partial summary judgment is not appropriate at this time.
2. Nevertheless, to the extent that making such a distinction is possible based on the evidence in the case, McDade can recover *370 emotional distress damages under the pecuniary loss rule. As correctly stated in Nationwide Mut. Fire Ins. Co. v. Lam,[4]
a plaintiff may . . . recover damages for emotional distress flowing from a defendant’s negligence, notwithstanding the absence of physical injury. But these damages are recoverable only if the plaintiff has suffered a pecuniary loss and has suffered an injury to the person, albeit not physical.[5]
The requirement of an identifiable injury imports an objective benchmark that a plaintiff must meet before recovering emotional distress damages. This objective benchmark safeguards against the dissent’s concerns that subj ective emotional distress damages may be invented out of whole cloth.[6]
Here, we have evidence of identifiable nonphysical injuries (including an episode of depression) as well as pecuniary loss (the cost of medical treatment arising from the depression). Therefore, the trial court correctly determined that McDade can seek emotional distress damages under the pecuniary loss rule.[7]

Judgment affirmed.

Ray, J., concurs. Phipps, C. J., Barnes, P. J., Miller and McFadden, JJ., concur fully and specially. Boggs, J., concurs specially and in judgment. Dillard, Branch and McMillian, JJ., concur in Division 1 and in judgment. Andrews, P. J., dissents.

 OCGA § 9-11-56 (c).

 See Bank of North Ga. v. Windermere Dev., 316 Ga. App. 33, 34 (728 SE2d 714) (2012).

 Lowry v. Cochran, 305 Ga. App. 240, 241 (699 SE2d 325) (2010) (citation omitted).

 248 Ga. App. 134 (546 SE2d 283) (2001).

 (Emphasis supplied.) Id. at 138 (2). While the result in Lam is correct, the dissent appropriately argues that a recovery for emotional distress cannot be based solely on an injury to property. Therefore, to the extent that language in Lam suggests otherwise, such language should be disapproved. See id. at 138 (2) (noting the damage to Lam’s personal property as support for her pecuniary loss — in addition to her hospital and other treatment expenses arising from her psychological injury).

 In light of the presence of an identifiable psychological injury to McDade, the present case is distinct from Owens v. Gateway Mgmt. Co., 227 Ga. App. 815 (490 SE2d 501) (1997). In that case, the plaintiff experienced fear due to being held at gunpoint, and the Court held that this fear alone was, in essence, emotional distress — not a separate psychological injury. In such a situation, the Court correctly held that, absent some physical or nonphysical injury to the plaintiff’s person, she could not recover emotional distress damages. But for similar reasons, the dissent is correct that Hall County Mem. Park, Inc. v. Baker, 145 Ga. App. 296 (243 SE2d 689) (1978), was wrongly decided. In that case, the plaintiff suffered no separate injury other than the grief caused by the improper burial location of her deceased husband. In essence, her only alleged injury was her emotional distress, which is an element of damages but not a separate injury for purposes of the pecuniary loss rule. Accordingly, to the extent that Baker holds otherwise, it should be overruled.

 Cf. Travis Pruitt & Assocs., P.C. v. Hooper, 277 Ga. App. 1, 5 (2) (625 SE2d 445) (2005) (“A claim for emotional distress damages caused by negligence must be supported by evidence that the plaintiff suffered an impact resulting in physical injury or pecuniary loss resulting from an injury to the person.”).