297 Ga. 66
FINAL COPY

S14G1775. OLIVER et al. v. McDADE et al.

MELTON, Justice.

In Oliver v. McDade, 328 Ga. App. 368 (762 SE2d 96) (2014), the Court of Appeals affirmed the trial court's denial of a motion for partial summary judgment brought by Crider Transportation and Jerome Oliver, finding that a question of fact remained whether John McDade could pursue a claim for emotional distress pursuant to the pecuniary loss rule.[1] We thereafter granted Oliver's petition for certiorari to consider the propriety of this ruling. For the reasons set forth below, we affirm.

As set forth by the Court of Appeals, the facts of this summary judgment case viewed in favor of the nonmovant, McDade, show that

> McDade was riding as a passenger in his own truck, which was being driven by his close friend Matthew Wood on I-16 in Dublin, Georgia. McDade, Wood, and others were returning home late at

---

[1] "[F]or a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical." OB-GYN Assoc. of Albany v. Littleton, 259 Ga. 663, 667 (B) (386 SE2d 146) (1989).

night from a dirt car race in which Wood had competed, and Wood was towing his race car on a trailer behind McDade's truck. Just after driving the truck down the on-ramp onto the interstate, Wood noticed that something on the trailer was not secured, and he pulled over to the shoulder. Wood then exited the truck and walked back toward the trailer. A tractor-trailer owned by Crider Transportation and operated by Jerome Oliver swerved onto the shoulder and struck Wood's trailer and McDade's truck. Wood was crushed between the trailer and the truck and killed instantly. The impact threw McDade against the interior of his truck, shattered the glass in the rear of the truck's cab, and propelled blood and tissue from Wood's body onto McDade. McDade then got out of his truck, discovered Wood's mangled body lying partially in the road, and protected it from further damage by passing vehicles until emergency personnel arrived. Due to the collision, McDade has suffered neck, back and knee injuries, as well as headaches, insomnia, flashbacks, anxiety, depression and suicidal thoughts. He sought psychiatric help, was diagnosed as suffering from major depression as a result of the collision, and was prescribed various medications. Based on the collision, McDade brought a negligence claim against Oliver, Crider, and Crider's liability insurance carrier. The defendants sought partial summary judgment on any of McDade's claims based on emotional distress arising from having witnessed the injuries to Wood. The trial court initially granted the defendants' motion, ruling that Georgia's impact rule bars bystanders from recovering damages for emotional distress resulting from witnessing another person's injuries, but later the trial court granted a motion for reconsideration, finding that McDade could pursue a claim for emotional distress under the pecuniary loss rule. [The Court of Appeals] granted the defendants' application for interlocutory review, and [affirmed the denial of the motion for partial summary judgment].

Id. at 368-369.

2

As recognized by the Court of Appeals, McDade's complaint alleges that "all of his injuries, damages and suffering were the direct result of and proximately caused by the negligence of [Oliver]." McDade does not attempt to separately recover for the emotional distress of witnessing his friend's suffering and death, and, in fact, he does not dispute that he cannot recover solely for these injuries, at least under the impact rule.[2] In addition, McDade deposed that he attributed his emotional injuries both to witnessing his friend's death and his own physical injuries related to his neck, back, and knee. He testified that, at least in part, his emotional distress sprang from "being hurt, not being at work. I stopped getting paid in February. I haven't had income since. . . ." As a result, it is currently not possible to determine, as a question of fact, whether any portion of McDade's emotional distress arises solely from witnessing the injuries to his friend. For this reason, the Court of Appeals, in Division 1 of its opinion, properly found that a question of fact remained regarding the allocation of McDade's damages and affirmed the trial court's denial of Oliver's motion

---

[2] The impact rule may be summarized as follows: "In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." Ryckeley v. Callaway, 261 Ga. 828 (412 SE2d 826) (1992).

for summary judgment. Accordingly, we, in turn, affirm the Court of Appeals finding in Division 1.

In Division 2 of its opinion, however, the Court of Appeals went further to assume facts not fully developed and opine as to how the law would apply to assumed facts. These issues were not ripe for consideration. Therefore, while we affirm the Court of Appeals holding, we must vacate Division 2 of the opinion.

Judgment affirmed in part and vacated in part. All the Justices concur.


Decided May 11, 2015.

Certiorari to the Court of Appeals of Georgia – 328 Ga. App. 368.

McMickle, Kurey & Branch, Scott W. McMickle, Stephanie F. Brown; Weinberg, Wheeler, Hudgins, Gunn & Dial, Robert P. Marcovitch, John K. Train IV, Josuha S. Wood, for appellants.

McArthur Law Firm, Katherine L. McArthur, Caleb F. Walker, for appellees.