**THIRD DIVISION**
**GOBEIL,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2019**

# In the Court of Appeals of Georgia

A18A1656. WARNOCK v. SANDFORD et al.

COOMER, Judge.

Henry Edward Sandford and his wife Tina Sandford sued Clifton Warnock[1] for damages arising from a motor vehicle collision. Following a jury trial, the trial court entered judgment on the jury's verdict in favor of the Sandfords. Mr. Warnock filed a motion for new trial, which was denied by the trial court. Mr. Warnock appeals, contending that the trial court erred when it failed to instruct the jury on Georgia's impact rule and instead gave the pattern jury instruction for mental pain and suffering. For the following reasons, we affirm.

---

[1] The Sandfords also sued two other defendants, but Mr. Warnock was the only remaining defendant at the time of trial.

"On appeal, the evidence is construed most strongly to support the verdict and judgment." *Tice v. Cole*, 246 Ga. App. 135, 135 (537 SE2d 713) (2000) (citation omitted). So construed, the evidence shows that on September 10, 2009, Mr. Warnock failed to stop at a stop sign and collided with Mr. Sandford's vehicle. Following the accident, the Sandfords filed a complaint alleging negligence and gross negligence against Mr. Warnock. The Sandfords' complaint alleged that the "horrific and catastrophic injuries suffered by [Mr.] Sandford and the other damages he and his wife [Mrs.] Sandford sustained are the direct and proximate result of the defendants misconduct." Mr. Sandford sought damages for "catastrophic and permanent injuries, the terrible pain and suffering, physical and mental, past, present and future; loss of earnings and a diminished capacity to labor and earn money; and such other damages as are recoverable under Georgia law." Mrs. Sandford sought damages for loss of consortium and loss of services of her husband.[2] The complaint did not include a claim for negligent infliction of emotional distress.

During a charge conference conducted by the trial court prior to closing arguments, Mr. Warnock requested the trial court to instruct the jury on Georgia's impact rule. Mr. Warnock's proposed charge provided as follows:

---

[2] Mrs. Sandford's loss of consortium claim is not the subject of this appeal.

2

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also. However, a plaintiff may not recover for emotional distress arising from a fear of contracting a disease or developing a mental [sic] until [he] begins to manifest symptoms of the disease[.] I charge you that, in order for Plaintiff to recover for emotional distress (mental suffering), he must show that he suffered a physical impact, the physical impact caused his physical injury, and the physical injury caused his mental suffering and emotional distress. In evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which plaintiff must limit activities.

*Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 586 (2000) ("[T]he current Georgia impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury the plaintiff causes the plaintiff's mental suffering or emotional distress.")

The trial court denied the request and gave the following pattern jury instruction for mental pain and suffering:

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also. In

evaluating the plaintiff's pain and suffering, you may consider the following factors, if proven: interference with normal living; interference with enjoyment of life; loss of capacity to labor and earn money; impairment of bodily health and vigor; fear of extent of injury; shock of impact; actual pain and suffering, past and future; mental anguish, past and future; and the extent to which the plaintiff must limit activities.

Suggested Pattern Jury Instructions, Vol. I: Civil Cases (2017), § 66.501 (b). Mr. Warnock objected to the pattern jury instruction on the basis that it did not adequately define for the jury the application of the impact rule.

The jury returned a verdict in favor of the Sandfords in the total amount of $14,550,000, with 25% fault apportioned to Mr. Sandford. The total amount of damages included $7 million for pain and suffering (physical and mental) and $4 million for future pain and suffering (physical and mental). Judgment was entered in the post-apportioned amount of $10,912,500. Mr. Warnock filed a motion for new trial based in part on his argument that the jury instruction on mental pain and suffering was inconsistent with the impact rule in that it did not require the jury to find that Mr. Sandford's emotional distress was caused by his physical injuries. The trial court denied the motion, and this appeal followed.

4

Mr. Warnock contends that the trial court erred when it declined to deliver his proposed impact rule instruction and instead gave the pattern instruction for mental pain and suffering, which did not adequately instruct the jury regarding the impact rule. Specifically, he argues that the pattern charge did not encompass the third prong of his proposed charge, i.e. that the jury could award damages to Mr. Sandford for emotional distress only to the extent that it was caused by his actual physical injuries. In other words, Mr. Warnock contends that the impact rule required the jury to determine whether and to what extent Mr. Sandford's depression and post-traumatic stress disorder are attributable to a physical brain injury as opposed to an emotional reaction to the consequences of his injuries. Conversely, the Sandfords contend that Mr. Warnock conflates "negligent infliction of emotional distress," which is limited as a matter of law by the impact rule, and recovery for physical and mental pain and suffering, to which the impact rule has no application.

"It is well settled that in order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." *Bennett v. Moore*, 312 Ga. App. 445, 460 (4) (b) (718 SE2d 311) (2011) (citation omitted). Our review of

5

a jury instruction is de novo. *Jordan v. State*, 322 Ga. App. 252, 255 (4) (a) (744 SE2d 447) (2013).

"It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Royal v. Ferrellgas, Inc.*, 254 Ga. App. 696, 698 (1) (a) (563 SE2d 451) (2002) (citation and punctuation omitted). The Restatement of Torts 2d, §456 (1965), provides: "If the actor's negligent conduct has so caused any bodily harm to another as to make him liable for it, the actor is also subject to liability for (a) fright, shock, or other emotional disturbance resulting from bodily harm or from the conduct which causes it, and (b) further bodily harm resulting from such emotional disturbance."

"The impact rule may be summarized as follows: 'In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury.'" *Oliver v. McDade*, 297 Ga. 66, 67 n. 2 (772 SE2d 701) (2015) (citation omitted). "[T]he current Georgia impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical

6

injury to the plaintiff causes the plaintiff's mental suffering or emotional distress."

*Lee v. State Farm Mut. Ins. Co.,* 272 Ga. 583, 586 (I) (533 SE2d 82) (2000).

> There are three policy reasons traditionally given for having the impact rule and denying recovery for emotional distress unrelated to physical injuries. First, there is the fear[] that[,] absent impact, there will be a flood of litigation of claims for emotional distress. Second, [there] is the concern for fraudulent claims. Third, there is the perception that, absent impact, there would be difficulty in proving the causal connection between the defendant's negligent conduct and claimed damages of emotional distress.

*Id.* at 587 (citations and punctuation omitted).

This Court has explained that the impact rule does not apply to all claims concerning negligent conduct. *McConnell v. Dept. of Labor*, 345 Ga. App. 669, 674 (1) (b) (814 SE2d 790) (2018). "To the contrary, the impact rule applies specifically to claims for negligent infliction of emotional distress." *Id.* (citations omitted). For example, in *Coon v. Med. Center, Inc.*, 300 Ga. 722 (797 SE2d 828) (2017), the plaintiff sought to recover damages for the negligent infliction of emotional distress after a hospital mishandled the remains of her stillborn baby. The Supreme Court stated that "Georgia follows the physical impact rule for claims of negligent infliction of emotional distress" and held that the trial court had properly granted summary

7

judgment to the hospital because the plaintiff did not suffer a physical impact that resulted in physical injury. *Id*. at 734-735 (4) (citation omitted). Similarly, in *Hang v. Wages & Sons Funeral Home, Inc.*, 262 Ga. App. 177, 180-182 (585 SE2d 118) (2003), which involved the premature cremation of a family member's body before his viewing and funeral, we stated that "[a] party claiming negligent infliction of emotional distress must therefore show a physical impact resulting in physical injury."

The Sandfords' complaint did not include a claim for negligent infliction of emotional distress. Instead, it asserted straightforward claims of negligence and gross negligence and alleged that the injuries suffered by Mr. Sandford and the other damages he and his wife sustained were "the direct and proximate result of the defendants misconduct." Consequently, the impact rule is not applicable in this case. Thus, the trial court's refusal to charge the jury on the impact rule was not error. For the same reason, Mr. Warnock's contention that the pattern jury instruction for mental pain and suffering given by the trial court is inadequate because it did not adequately instruct the jury regarding the impact rule fails.

"[O]n appellate review, jury charges must be read and considered as a whole in determining whether the charge contained error." *Evans v. Department of Transp.*,

331 Ga. App. 313, 321 (3) (771 SE2d 20) (2015) (citation and punctuation omitted).

In addition to the pattern charge for mental pain and suffering, the trial court also charged as follows:

> The case before you is a tort case in which the plaintiff must prove by a preponderance of the evidence that the negligence of the defendant, if any, was a proximate cause of the injuries to the plaintiff. . . . Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

The trial court gave the following jury instruction on proximate cause:

> Proximate cause means that the cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party could have been a proximate cause. When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.
>
> No plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of the defendant in this case. There

9

can be no recovery for any injury or disability that was not proximately caused by the incident in question.

The mere fact that a collision happened and that the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such damages were proximately caused by the negligence on the part of the defendant.

The trial court also instructed the jury as follows:

No plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of the defendant in this case. There can be no recovery for a particular plaintiff for any injury or disability that was not proximately caused by the incident in question.

If you should find that, at the time of the incident, that the plaintiff had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that the plaintiff received an injury as a result of the negligence of the defendant and that the physical injury resulted in any aggravation of a condition already pending, then the plaintiff could recover damages for aggravation of the preexisting condition.

Taken as a whole, the jury charge at issue in this case was correct and not misleading and fully apprised the jury of the applicable law. The trial court sufficiently instructed

10

the jury that Mr. Sandford's damages for mental pain and suffering had to result from Mr. Warnock's negligence.

*Judgment affirmed. Gobeil and Hodges, JJ., concur*.